IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Trey Z. Cooper, | ) | Civil Action No.: 4:11-cv-02553-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Martek Biosciences Kingstree, | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Trey Z. Cooper ("Plaintiff") filed the above action against Defendant Martek Biosciences Corporation ("Defendant"), his employer, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §§ 2000e–2000e-17 (West 2012).

On August 24, 2012, Defendant filed its Motion for Summary Judgment, along with a memorandum in support. Plaintiff filed his Response on September 10, 2012, to which Defendant filed a Reply.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] [R&R, Doc. # 38.] In the R&R, the magistrate recommends that the Court grant Defendant's Motion for Summary Judgment and dismiss this case in its entirety. Plaintiff timely filed Objections to the R&R on February 11, 2013. [Obj., Doc. # 39.]

For the following reasons, this Court adopts the magistrate's recommendation.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

**Background**[2]

Plaintiff, a black male, had been employed with Defendant from February 6, 2006, until March 1, 2010. Plaintiff was terminated after a February 25, 2010, incident where he failed to perform laboratory tests and falsified company documents indicating that the tests had been performed. The incident constituted a Level II offense in Defendant's code of conduct. Prior to the falsification incident, Plaintiff had other work performance issues, including another instance of document falsification, poor performance appraisals, and numerous attendance problems. Plaintiff claims that other employees, who were white, had committed similar acts and were not terminated.

**Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*,

---

[2] The facts of this case, including citations to the record, are discussed more thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 38, at 1–10.]

687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## **Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *see also Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Harrison v. Brown*, No. 3:10–cv–2642, 2012 WL 243212, at *1 (D.S.C. Jan. 24, 2012) (same); *Malik v. Sligh*, No. 2:11–cv–01064–RBH, 2011 WL 6817750, at *2 (D.S.C. Dec. 28, 2011) (same). Much of Plaintiff's objections cite legal authority or reargue issues presented in front of the magistrate. To the extent these constitute specific objections the Court has reviewed the R&R *de novo* and agrees with the magistrate's findings.

Out of an abundance of caution, the Court will also specifically address the below objections lodged by Plaintiff.

Because Plaintiff has not presented any direct evidence of race discrimination, he proceeds

under the burden-shifting method of proof established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that burden-shifting scheme, Plaintiff has the initial burden to establish a *prima facie* case of race discrimination by showing (1) membership in a protected class; (2) adverse employment action; (3) satisfactory job performance; and (4) that similarly-situated employees outside the protected class received more favorable treatment, or the position remained open or was filled by a similarly-qualified applicant outside the protected class. *White v. BFI Waste Services, LLC*, 375 F.3d 288, 295 (4th Cir. 2004).

If Plaintiff succeeds in establishing his *prima facie* case, the burden then shifts to Defendant to produce "a legitimate, nondiscriminatory reason for the adverse employment action." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004). Assuming Defendant meets its burden of production, "the burden shifts back to [P]laintiff to prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.' " *Id.* (quoting *Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S. 133, 143 (2000)). The magistrate held that Plaintiff's Title VII claim failed because Plaintiff failed to prove a *prima facie* case of racial discrimination, and Plaintiff further failed to show that Defendant's legitimate reason for discharge was a pretext for racial discrimination.[3] Plaintiff objects to both of these holdings, and the Court will address each in turn.

---

[3] The magistrate noted that the only claims Plaintiff is able to maintain in this Title VII lawsuit are those that were stated in his initial charge filed with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff does not object to this finding, and the Court finds that the magistrate correctly discussed the law on this issue. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Thus, to the extent Plaintiff attempts to raise independent claims of discrimination that were not included in his charge, such as discrimination in training, those claims fail. [*See* R&R, Doc. # 38, at 12–13.]

4

**I.      *Prima facie* case under Title VII**

In his Objections, Plaintiff contends that the magistrate judge erred in finding that Plaintiff had failed to establish a *prima facie* case of discrimination. [*See* Obj., Doc. # 39, at 6.] Specifically, Plaintiff objects to the magistrate's holding that he failed to show the third and fourth prongs of his *prima facie* case. [*Id.* at 6.]

Plaintiff argues that there is a question of fact as to whether he was meeting his employer's legitimate expectations. Plaintiff argues that the magistrate improperly considered past performance to determine whether Plaintiff was meeting Defendant's legitimate expectations, and that there is a question of fact as to whether Defendant's expectations were illegitimate. [*See* Obj., Doc. # 39, at 7–8.] As to past performance, the Fourth Circuit case cited by the Plaintiff held that the employee failed to make a *prima facie* case because a previous *positive* employment evaluation was irrelevant when considered against a more recent *negative* performance evaluation. *O'Connor v. Consol. Coin Caterers Corp.*, 56 F.3d 542, 547 (4th Cir. 1995), rev'd on other grounds, 517 U.S. 308 (1996). Here, as explained by the magistrate, Plaintiff had a history of negative performance evaluations. [*See* R&R, Doc. # 38, at 15.] In fact, three months prior to the incident that prompted Plaintiff's firing, Plaintiff received a performance appraisal noting that his work "need[ed] improvement." [*Id.* at 9–10.] Certainly, a history of poor performance reviews leading up to Plaintiff's termination is relevant to whether he was meeting Defendant's legitimate expectations. *See Glymph v. C.F. Sauer Co.*, No. 89-2056, 1990 WL 12686, at *2 (4th Cir. Feb. 6, 1990) (holding that Plaintiff failed to make a *prima facie* case that he was meeting expectations; "[i]ncluded in this proof are the performance ratings for the previous nine years which spell out certain inadequacies, [and] records of discussions with [the employee] regarding these shortcomings").

Regarding his argument that Defendant's expectations were "illegitimate," Plaintiff argues that other employees committed Level II infractions and were not fired. [Obj., Doc. # 39, at 8–9.] This argument goes to the issue of whether similarly-situated employees outside the protected class received more favorable treatment, which is discussed below. To the extent the Court examines the supposed replacement identified by Plaintiff, her infractions did not relate to document falsification and she was disciplined for her infractions. [*See* R&R, Doc. # 38, at 17.] Moreover, Plaintiff was fired for failing to conduct certain chemical test and then falsifying a lab report to hide this failure. Plaintiff has offered no evidence that it was "illegitimate" for Defendant to expect either that its employees maintain positive performance evaluations, or, most critically, that employees not falsify documents. In fact, Plaintiff agreed that producing accurate laboratory tests was a "very important function of a lab . . . ." [*See* R&R, Doc. # 38, at 5 (citing deposition testimony).] Plaintiff's objection is overruled. Because Plaintiff has failed to show satisfactory job performance, his prima *facie case* fails and this Court need go no further in adopting the magistrate's recommendation that Defendant's Motion for Summary Judgment be granted. However, the Court will briefly address Plaintiff's remaining issues.

Plaintiff argues that there is an issue of fact as to whether he was replaced by a person outside the protected class or that similarly-situated employees outside the protected class received more favorable treatment. First, as the magistrate noted, the only evidence Plaintiff offers as to his replacement is an argument that Nikki Lee, a white female who was already employed by Defendant as a Senior QC Analyst, became partners with his former partner. However, as he did before the magistrate, Plaintiff cites to no evidence to support this assertion. Plaintiff's own, conclusory statements, without evidentiary support, are insufficient to create an issue of fact. *See Causey v.*

*Balog*, 162 F.3d 795, 802 (4th Cir.1998).[4]

Second, Plaintiff attacks the magistrate's finding that Plaintiff did not show that other employees outside the protected class were treated differently for similar behavior. [Obj., Doc. # 39, at 10–14.] Again, even accepting Plaintiff's assertion that all the supposed similarly situated employees worked under the same supervisor, the magistrate throughly explained why these individuals were not similarly situated:

> Plaintiff also fails to show that the other employees he discusses engaged in the same conduct without such mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. First, none of the employees identified by Plaintiff had the amount of performance issues and disciplinary actions as did Plaintiff. Further, Plaintiff admits that he is unaware of any other employee who falsified data for tests that were never conducted. However, Plaintiff argues that the offenses in which the other employees engaged were also Level II offenses and, yet, the other employees were not terminated. As set forth above, Defendant's Employee Handbook states that termination may be appropriate for offenses listed as Level II offenses but that each decision would be made in light of the facts of each case. Here, the offenses of the other employees are clearly not the same as Plaintiff's offenses and Plaintiff's reliance on the categorization of the offenses as Level II offenses is insufficient.

[R&R, Doc. # 38, at 19.] While Plaintiff has certainly shown that some other employees outside his protected class committed Level II violations and were not fired, "[t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." *Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008). Plaintiff has failed to present sufficient evidence to show that the other employees were similarly situated in "all relevant respects" to satisfy the fourth element of the *prima facie* standard. *See Ward v. City of North*

---

[4] Plaintiff does cite a lab manager's deposition in his objections. [*See* Obj., Doc. # 39, at 9.] However, the cited deposition merely involves the note-taking process of lab technicians and offers no evidence that Nikki Lee replaced Plaintiff. [*See* Shepherd Dep. Doc. # 39-1, at 54.] Interestingly, Plaintiff does not address the magistrate's finding that Defendant presented evidence that Plaintiff was replaced by an African American female.

*Myrtle Beach*, 457 F.Supp.2d 625, 643 (D.S.C. 2006). Accordingly, the Court overrules Plaintiff's objection.

## II.     Pretext

In his final objection, Plaintiff does not argue that Defendant did not have a legitimate, nondiscriminatory reason for terminating Plaintiff. [*See* Obj., Doc. # 39, at 15–20.] *See also King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 198 (4th Cir. 1998) (finding employee's falsification of documents was a legitimate, non-discriminatory reason for her discharge); *Blair v. Colonnas Shipyard, Inc.*, 52 F.Supp. 2d 687, 695 (E.D. Va. 1999), aff'd 203 F.3d 819 (4th Cir. 2000) (holding that plaintiff's provision of false information to his employer was a legitimate, non-discriminatory reason for his discharge). However, Plaintiff takes issue with the magistrate's finding that Plaintiff failed to carry his burden of proof to show pretext because Plaintiff failed to show that racial discrimination was part of Defendant's normal operating procedures. [Obj., Doc. # 39, at 15–20.]

In his objection, Plaintiff argues that he has evidence that discrimination by Defendant is widespread. [*Id.*] As the magistrate explained, in order to prove a "pattern and practice" of discrimination, the Plaintiff must "prove more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts." *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336 (1977). Instead, the Plaintiff must "establish by a preponderance of the evidence that racial discrimination was the Company's standard operating procedure – the regular rather than the unusual practice." *Id.* The Fourth Circuit has cautioned, however, that "pattern and practice evidence has little, if any relevance in an individual disparate treatment action." *McClosky v. Prince George's County, Md.*, No. 95-2913, 1996 WL 726854, at *1 (4th Cir. Dec. 18, 1996); *see also Warren v.*

8

*Halstead Indus., Inc.*, 613 F. Supp 499, 506, n.2 (D.C.N.C. 1985) (holding that "statistics are not sufficient to prove pretext in individual disparate treatment cases"). As he did before the magistrate, Plaintiff merely discusses other employees who have filed charges of discrimination, and thus "Plaintiff fails to present evidence sufficient to show that racial discrimination was a part of Defendant's normal operating procedures."[5] As the magistrate explained, it is not necessary for this Court to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for Defendant's decision. *Hawkins v. Pepsico*, 203 F.3d 274, 279 (4th Cir. 2000).

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of the objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the magistrate's R&R.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 26] is **GRANTED**, and this case is **DISMISSED** *with prejudice* in its entirety.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 4, 2013

---

[5] The Court notes that the examples cited by Plaintiff involve employees who did not engage in similar behavior and stem from allegations that are mostly supported by the accuser's own testimony. In fact, one of the cases cited by Plaintiff has recently been dismissed by this Court.